IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY BAKER,

        Plaintiff,                  No. 2:13-cv-0172 WBS AC P

    vs.

MARSH, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        As plaintiff failed to request authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, the court ordered plaintiff to submit an in forma pauperis affidavit or pay the required filing fee, see 28 U.S.C. §§ 1914(a), 1915(a), within thirty days by order filed on February 1, 2013. ECF No. 3. When plaintiff failed to respond timely to the order, the undersigned issued findings and recommendations on March 15, 2013 recommending dismissal of this action without prejudice. ECF No. 5. Plaintiff was given fourteen days to file objections; within that period plaintiff filed a motion to proceed in forma pauperis along with a note

1

1  indicating that he had made efforts to respond to the court's order but had had his legal material
2  confiscated. ECF Nos. 6 and 7. As plaintiff has now submitted a declaration that makes the
3  showing required by 28 U.S.C. § 1915(a), the court will vacate the findings and
4  recommendations filed March 15, 2013. The request to proceed in forma pauperis will be
5  granted.

6  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
7  U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee
8  in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will
9  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account
10 and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly
11 payments of twenty percent of the preceding month's income credited to plaintiff's prison trust
12 account. These payments will be forwarded by the appropriate agency to the Clerk of the Court
13 each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28
14 U.S.C. § 1915(b)(2).

15 The court is required to screen complaints brought by prisoners seeking relief
16 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
17 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
18 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
19 be granted, or that seek monetary relief from a defendant who is immune from such relief. 28
20 U.S.C. § 1915A(b)(1),(2).

21 A claim is legally frivolous when it lacks an arguable basis either in law or in
22 fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
23 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
24 indisputably meritless legal theory or where the factual contentions are clearly baseless.
25 Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
26 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d

639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint states a colorable claim for relief against defendants Lieutenant Marsh; Gary R. Stanton, Sergeant Cullison, Sgt. Cameron and Chaplain Jackson, for a violation of the Free Exercise Clause of the First Amendment, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Under Fed. R. 8(a)(3), plaintiff must set forth in his pleading "a demand for the relief sought, which may include relief in the alternative or different types of relief." Plaintiff seeks both injunctive relief and money damages. However, while plaintiff's First Amendment claim is cognizable, plaintiff seeks a form of injunctive relief that is not available to him. Plaintiff may seek prospective injunctive relief as to himself but he does not have standing to ask for relief on behalf of all Jewish inmates. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v.

3

Carolina Environmental Study Group, 438 U.S. 59, 80 (1978); Warth v. Seldin, 422 U.S. 490, 499 (1974).

Moreover, plaintiff identifies at least defendant Lt. Marsh as being employed at Solano County Jail.  Court records indicate that plaintiff is housed at Sacramento County Main Jail.  Complaint, p. 2.  It is unclear where the remaining defendants are located. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot.  See  Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986); see also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988).  Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at Solano County Jail at any predictable time in the future.  Therefore, any claims for injunctive relief against defendant Marsh (and any other defendant who works at a facility where plaintiff is not presently housed) would appear to be moot.  Plaintiff's claims for injunctive relief will be dismissed but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 5) filed on March 15, 2013 are hereby vacated;

2. Plaintiff's request to proceed in forma pauperis is granted;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's claims for injunctive relief are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that plaintiff's claim for prospective injunctive relief  be dismissed from this action.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants or claims for relief.

DATED: April 4, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
bake0172.b1