1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   JERRY BAKER,

12              Plaintiff,              No.  2:13-cv-0172 WBS AC P

13         vs.

14   MARSH, et al.,

15              Defendants.              ORDER

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action under 42

18   U.S.C.  1983.  Plaintiff was granted in forma pauperis status by order filed on August 4, 2013.

19   See ECF No. 8.  However, it has come to court's attention that plaintiff's in forma pauperis

20   status may have been improvidently granted.  The court takes judicial notice[1] of Baker v. Marsh,

21   Case No. 2:13-0171 GEB EFB P, which, on March 12, 2013, was dismissed without prejudice to

22   re-filing upon plaintiff's pre-payment of the $ 350 filing fee.  ECF No. 5 in Case No. 2:13-0171

23

24        [1]    A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d
     1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986);
25   United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

26

                                          1

GEB EFB P.  In that case, it was determined that plaintiff was barred from proceeding in forma

pauperis under 28 U.S.C. 1915(g).

28 U.S.C. § 1915 permits any court of the United States to authorize the

commencement and prosecution of any suit without prepayment of fees by a person who submits

an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of
> the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute makes clear that a prisoner is precluded from

bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous

actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169

F.3d 1176, 1178 (9th Cir. 1999).  28 U.S.C. § 1915(g) should be used to deny in forma pauperis

status only upon a determination that each potential strike is carefully evaluated to determine

that it was dismissed as frivolous, malicious or for failure to state a claim.  Andrews v. King, 398

F.3d 1113, 1121 (9th Cir. 2005).

In Case No. 2:13-171 GEB EFB P, the following cases were identified as strikes

pursuant to § 1915(g):

- Baker v. Todd, 2:10-cv-1827 MCE EFB (E.D. Cal.) (action dismissed by order
  filed on March 21, 2011 for failure to state a claim);

- Baker v. Jones, 2:12-cv-0404 WBS EFB (E.D. Cal.) (action dismissed by order
  filed on September 18, 2012 for failure to prosecute and failure to state a claim);
  and

- Baker v. Marsh, 2:12-cv-0555 GEB EFB (E.D. Cal.) (action dismissed by order

1         filed on October 24, 2012 for failure to prosecute and failure to state a claim).

2         The Ninth Circuit has determined that a dismissal for failure to state a claim

3 constitutes a strike, whether dismissal is with or without prejudice.  O'Neal v. Price, 531 F.3d

4 1146, 1155-56 (9th Cir. 2008).   In Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011), the Ninth

5 Circuit held that a district court strike was not final until an appeal had been resolved.

6 However, this court's review of the records indicates that no appeal was taken in any of the three

7 cases identified above as strikes, and the time for doing so has expired.  The undersigned

8 additionally observes that plaintiff has filed no less than 24 civil rights cases in the United States

9 District Court for the Eastern District of California since 2008.

10         Therefore, this court finds that plaintiff is precluded from proceeding in forma

11 pauperis unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. §

12 1915(g).   To meet the exception, the complaint must allege facts demonstrating that plaintiff

13 was "under imminent danger of serious physical injury" at the time of filing the complaint.

14 Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time

15 of the filing of the complaint that matters for purposes of the 'imminent danger' exception under

16 § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001);

17 Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999);  Ashley v. Dilworth, 147 F.3d

18 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

19         This court has previously found that plaintiff states a colorable claim that

20 defendants violated his rights under the Free Exercise Clause of the First Amendment.  ECF. No.

21 8.  However, plaintiff's claim of not having been provided a kosher diet does not present an

22 "imminent danger of serious physical injury."  In order to proceed in this action in forma

23 pauperis, plaintiff will have to show cause why his in forma pauperis status should not be

24 revoked on the basis that he has been barred from proceeding without pre-payment of the filing

25 fee under the three-strikes provision of § 1915(g).

26 ////

1    Accordingly, IT IS ORDERED that plaintiff must show cause within twenty-one

2    days why his in forma pauperis status should not be revoked for the reasons set forth above.

3    DATED: April 9, 2013.

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7    AC:009
     bake0172.osc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26